O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE MACINTYRE, | Case No. CV 14-2660 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Jacqueline MacIntyre ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. In particular, Plaintiff argues that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (*See* Joint Stip. at 3-8.) The Court addresses, and rejects, Plaintiff's contention below.

A. The ALJ Properly Rejected Plaintiff's Credibility

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

1  complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted).

2  Here, the ALJ properly discounted Plaintiff's credibility for the following
3  three reasons.

4  First, the ALJ found that the objective evidence does not support Plaintiff's
5  alleged degree of disability. (Administrative Record ("AR") at 14.) Plaintiff cannot
6  identify any medical evidence that supports her claim of disability, and a review of
7  the record shows that no physician suggested limitations more restrictive than those
8  imposed by the ALJ. (*See generally id.*) To the contrary, treatment notes from April
9  2010 indicate that Plaintiff had normal range of motion in the spine, negative
10 straight leg raising tests, and no tenderness to palpation. (*Id.* at 228.) Plaintiff
11 reported that she was active, and her general functioning was not affected. (*Id.* at
12 228-29.) Similarly, records from November 2010 show that Plaintiff had good range
13 of motion in her low back, and her extremities were normal, with no edema or
14 deformities. (*Id.* at 222.) Finally, in March 2011, Plaintiff's treating physician
15 found that her "complaints of pain and dysfunction [we]re discordant with physical
16 findings," and there was "no evidence of disability at th[at] evaluation." (*Id.* at 320.)
17 While a lack of objective evidence cannot be the *sole* reason for rejecting Plaintiff's
18 testimony, it can be one of several factors used in evaluating her credibility. *Rollins*
19 *v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

20 Second, the ALJ found that Plaintiff is not credible because her "subjective
21 complaints and alleged limitations are not consistent with the treatment she
22 receives." (*See* AR at 26); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)
23 (conservative treatment can discount the severity of symptoms). Indeed, Plaintiff
24 treats her symptoms with Ibuprofen, has "routine medication follow-up visits," and
25 never participated in physical therapy. (AR at 26, 212-51, 273-348.) Further,
26 Plaintiff failed to follow her treating doctor's advice to lose weight, exercise more,
27 and stop smoking. (*Id.* at 26, 319); *Fair*, 885 F.2d at 603 (failure to follow
28 prescribed course of treatment casts doubt on sincerity of claimant's pain

testimony).  Moreover, Plaintiff neither sought nor received any medical treatment since May 2011.  (*See generally id.*); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (in evaluating credibility, ALJ may consider any "inadequately explained failure to seek treatment").

Third, the ALJ noted that Plaintiff's daily activities "are not consistent with the extreme limitations she alleges."  (AR at 27); *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (An "ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . .  Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted).

In this case, Plaintiff testified that she is able to cook, clean the house, do laundry, watch her grandchildren, and carry a bag of groceries or a load of laundry.  (AR at 27, 174-75.)  Further, Plaintiff is capable of bathing and dressing herself, leaving the house to shop, and she spends a lot of time reading.  (*Id.* at 43.)  At least some of these activities are transferable to a job setting.  Moreover, they undermine Plaintiff's allegation of total disability.

Thus, the ALJ properly discounted Plaintiff's credibility.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated:  November 21, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge